**UNITED STATES COURT OF APPEALS,**

**IN AND FOR THE NINTH CIRCUIT.**

| | |
|---|---|
| JACK GERRITSEN,<br><br>Plaintiff and Appellant,<br><br>HENRY FREDERICK RAMEY, JR.,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, a chartered city, and DOMENIKA LYNCH, as General Manager, El Pueblo Park,<br><br>Appellees, | Case No.: 9th Cir. 26-3278<br>(U. S. D. C., C. D. Cal. No. 2:25-cv-8760-RGK (KS) (C. D. Cal. 2026)) |

**APPELLANT'S OPENING BRIEF.**

Appeal from the United States District Court,
In and for the Central District of California
The Honorable R. Gary Klausner, District Judge.

JACK GERRITSEN
6217 ½ Palm Av.
Bell, CA., 90201
TEL.; (323) 383-4371
Appellant in Pro Se

## CORPORATE DISCLOSURE STATEMENT.

There are no corporate parties on this Appeal.

# TABLE OF CONTENTS.

**STATEMENT OF JURISDICTION.** 6

**STATEMENT OF ISSUES.** 6

**STANDARD OF REVIEW.** 6

**STATEMENT OF FACTS.** 7

**STATEMENT OF THE CASE.** 7

**SUMMARY OF ARGUMENT.** 9

**ARGUMENT.** 9

**I. THE DISTRICT COURT ABUSED ITS DISCRETION IN DENYING THE MOTION FOR PRELIMINARY INJUNCTION.** 9

**II. ON REMAND, THIS CASE SHOULD BE HEARD BEFORE A JUDGE, OTHER THAN DISTRICT JUDGE KLAUSNER, DUE TO HIS EXTREME BIAS IN THIS CASE.** 13

**CONCLUSION.** 14

**STATEMENT OF RELATED CASES.** 15

**CERTIFICATE OF COMPLIANCE.** 16

**ADDENDUM.** 17

## TABLE OF CASES.

*All. for the Wild Rockies v. Cottrell,* 632 F.3d 1127 (9th Cir. 2011). 6, 12

*Am. Legion v. Am. Humanist Ass'n,* 588 U.S. 29 (2019). 9, 11

*Awad v. Ziriax,* 670 F.3d 1111, 1132 (10th Cir. 2012). 13

*Capitol Square Review Bd. v. Pinette*, 515 U.S. 753 (1995). 11, 12

*County of Allegheny v. ACLU,* 492 U.S. 573, 592 (1989). 10, 11

*Elrod v. Burns,* 427 U.S. 347, 373 (1976). 12

*Env't Prot. Info. Ctr. v. Carlson,* 968 F.3d 985, 989 (9th Cir. 2020). 6

*Feldman v. Ariz. Sec'y of State's Off.,* 843 F.3d 366, 367 (9th Cir. 2016). 6

*Kennedy v. Bremerton Sch. Dist.,* 597 U.S. 507 (2022). 9

*Lemon v. Kurtzman,* 403 U.S. 602, 612-13 (1971). 10

*Lynch v. Donnelly,* 465 U.S. 668 (1984). 10

*Melendres v. Arpaio,* 695 F.3d 990 (9th Cir. 2012). 13

*Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7 (2008) 6, 9

*Woodring v. Jackson Cnty.,* 986 F.3d 979 (7th Cir. 2021). 11

## TABLE OF AUTHORITIES.

| | |
|---|---|
| 28 U. S. C., §1292(a). | 6 |
| 28 U.S.C. § 1331. | 6 |
| 42 U.S.C. §1983. | 13 |
| United States Constitution, First Amendment. | 13 |

## STATEMENT OF JURISDICTION.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. (District Court Docket ("Dock.") No. 1). This Court has jurisdiction pursuant to 28 U. S. C., §1292(a). Appellant Jack Gerritsen is seeking to review the Order Denying Preliminary Injunction, entered on May 14, 2026 (Dock. No. 24). The Notice of Appeal was timely filed on May 18, 2026 (Dock. No. 26).

## STATEMENT OF ISSUES.

1. Did the district court abuse its discretion in denying the preliminary injunction where Appellant demonstrated a likelihood of success on his Establishment Clause claims, irreparable harm, favorable equities, and public interest?
2. Should the case be remanded to a different judge due to bias?

## STANDARD OF REVIEW.

"The standard for evaluating an injunction pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Feldman v. Ariz. Sec'y of State's Off.,* 843 F.3d 366, 367 (9th Cir. 2016) (en banc). "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). The first factor "is a threshold inquiry and is the most important factor." *Env't Prot. Info. Ctr. v. Carlson,* 968 F.3d 985, 989 (9th Cir. 2020). Abuse of discretion for PI denial, with de novo review of legal conclusions and clear error on facts. *Feldman,* 843 F.3d at 367; *Winter v. NRDC,* 555 U.S. 7 (2008). Sliding scale applies. *All. for the Wild Rockies v. Cottrell,* 632 F.3d 1127 (9th Cir. 2011).

///

///

## STATEMENT OF FACTS.

El Pueblo de Los Angeles Historical Monument is a public park. (FAC ¶¶ 1-2, Dkt. 10.) Appellees maintain a prominent plain wooden Latin cross at the south entrance to Olvera Street (no plaques, inscriptions, or secular elements beyond basic commemorative text; replaced multiple times). (Supp. Gerritsen Decl. ¶¶ 4-8, Dkt. 21; Opposition at 2-3.)

Annually in Nov.-Dec., a standalone crèche (Mary, Joseph, infant Jesus, etc., with no Santa, reindeer, lights, or other secular items) is displayed on the Kiosko. (FAC ¶ 22; Supp. Decl. ¶ 9.) Gerritsen, a 90-year-old atheist, visits 2-3 times monthly, experiences direct exposure, feelings of exclusion/offense as a non-believer, and views it as government endorsement of Christianity. (Gerritsen Decl. ¶¶ 3-7, Dkt. 10; Supp. Decl. ¶¶ 3, 10-11.) The displays use public resources and recur.

## STATEMENT OF THE CASE.

On September 4, 2025, Appellant, and Plaintiff Henry Frederick Ramey, Jr., filed their Complaint against Appellees for violating their civil rights (Dock. No. 1).

On January 2, 2026, Appellees filed their Answer (Dock. No. 7).

On January 26, 2026, Appellant and Plaintiff Ramey filed their First Amended Complaint. (Deck. No. 10).

On February 17, 2026, Appellant filed his Motion for Preliminary Injunction. (Dock. No. 13). Appellant argued that the Nativity Display Violates the Establishment Clause (Dock. No. 13, 6:1-15), that the Cross Violates the Establishment Clause (Dock. No. 13, 6:16-7:4), that Appellant will suffer Irreparable Harm Absent an Injunction (Dock. No. 13, 7:7-12), that the balance of equities tips sharply in Appellant's favor (Dock. No. 13, 7:13-18), and that an Injunction serves the public interest (Dock. No. 13, 7:19-23).

On March 18, 2026, Appellees filed their Opposition to the Motion for Preliminary Injunction. (Dock. No. 19). Appellee argued that the Olvera Street Cross does not violate the Establishment Clause (Dock. No. 19, 4:2-8:9), that the Kiosko Nativity Scenes do not violate the Establishment Clause (Dock. No. 19, 8:10-12:7), that there is no threat of immediate harm (Dock. No. 19, 12:8-13:5), and that the balance of equities and the public interest support denying the injunction (Dock. No. 19, 13:6-27).

On March 17, 2026, Appellant filed a Reply as to the Motion for Preliminary Injunction (Dock. No. 20).

On March 23, 2026, Appellant filed his Supplemental Declaration in support of the Motion for Preliminary Injunction, which states as follows:

1. "I am a Plaintiff in this action and incorporate my prior Declaration.
2. "The facts herein are true to my knowledge.
3. "I hereby declare that after 89 years of life I have witnessed how religion is a curse on humanity.
4. "I admit that the Christian cross has a significant history of about 2026 years, but that the wooden cross at the south entrance to Olvera Street in the city of Los Angeles has a history of only about 20 years.
5. "It replaced a similar wooden cross at the south entrance to Olvera Street.
6. "That cross was installed at an unknown date and over time had decayed. It was transported and put on display where I saw it in the Catholic Church across the street (west) of Olvera Street. The new cross has no significant historical value.
7. "The Olvera Street cross has no plaques, inscriptions, or secular features—it's a plain wooden Latin cross, visible as religious from afar.
8. "It commemorates LA's founding but replicates Spanish missionary "holy crosses," per historical accounts I've reviewed.

9. “The Kiosko nativity is isolated—no Santa, lights, or secular items; it's just Mary, Joseph, Jesus, etc.
10. “I visit the park 2-3 times monthly and see the cross each time, causing offense.
11. “The nativity recurs every November-December; I expect it in 2026 absent injunction.” (Dock. No. 21, 1:19-2:25).

On May 14, 2026, the District Court denied the Motion for Preliminary Injunction. (Dock. No. 24).

On May 18, 2026, Appellant timely filed his Notice of Appeal. (Dock. No. 26).

**SUMMARY OF ARGUMENT.**

1. The District Court erred in applying *American Legion* presumptions and historical analysis. The cross lacks the secularizing context of the Bladensburg memorial and replicates missionary symbols. The crèche is isolated and tied to religious Las Posadas, not neutral holiday celebration. Appellant meets all *Winter* factors.
2. Judge Klausner should be disqualified from Hearing this Action on remand.

**ARGUMENT.**

**I. THE DISTRICT COURT ABUSED ITS DISCRETION IN DENYING THE MOTION FOR PRELIMINARY INJUNCTION.**

Post-*Kennedy v. Bremerton Sch. Dist.,* 597 U.S. 507 (2022), Establishment Clause claims turn on "historical practices and understandings." However, the district court misapplied *Am. Legion v. Am. Humanist Ass’n,* 588 U.S. 29 (2019), and Lynch.

///

A. Plaintiffs Are Likely to Succeed on the Merits (or Raise Serious Questions)

Appellant's claim arises under the Establishment Clause, which prohibits government actions that endorse religion. See *County of Allegheny v. ACLU,* 492 U.S. 573, 592 (1989) (endorsement test: whether a reasonable observer would view the display as government endorsement of religion). Courts also apply the Lemon test: (1) secular purpose; (2) primary effect neither advances nor inhibits religion; and (3) no excessive entanglement. *Lemon v. Kurtzman,* 403 U.S. 602, 612-13 (1971).

1. The Nativity Display Violates the Establishment Clause. The crèche is a standalone religious depiction with no secular holiday elements. (Supp. Decl. ¶ 9; FAC ¶ 22.) Lynch upheld a crèche only in a broader secular display (Santa, reindeer, etc.). Allegheny struck down a similar isolated courthouse crèche.

The district court erred by tying it to Las Posadas (a religious procession) as "historical practice" without evidence the specific crèche display is longstanding or secularized. It fails historical test scrutiny as government promotion of Christian nativity. Appellant raises at least serious questions on merits.

The Nativity scene on the kiosko is a standalone religious symbol depicting the birth of Jesus Christ, unaccompanied by sufficient secular elements like Santa Claus or reindeer to dilute its Christian message. In *Allegheny,* the Supreme Court held that a similar creche inside a courthouse violated the Clause because it endorsed Christianity without contextual secularization. 492 U.S. at 598-602. By contrast, in *Lynch v. Donnelly,* 465 U.S. 668 (1984), a Nativity was upheld only because it was part of a broader holiday display with secular symbols. Here, the FAC alleges the Nativity as an isolated endorsement (FAC ¶ 22), failing *Lemon's* second prong and the endorsement test. It lacks a secular purpose beyond promoting Christian beliefs and entangles the government in religion by using

public resources for a faith-specific display. See also *Woodring v. Jackson Cnty.,* 986 F.3d 979 (7th Cir. 2021) (applying historical context but upholding display only with secular elements; standalone religious symbols violate). Plaintiff Gerritsen raises at least serious questions on the merits.

2. The Cross Violates the Establishment Clause. The cross is a quintessential Latin cross—a Christian symbol—prominently displayed in a public park without sufficient secular context. (Supp. Decl. ¶¶ 4-8.) Unlike the Bladensburg Cross (WWI memorial with inscriptions, pluralistic context, 40+ years of unchallenged secular meaning), this cross commemorates LA's founding but replicates Spanish missionary "holy crosses." It has been replaced recently (~20 years effective history per record) and lacks plaques or balancing elements. A reasonable observer sees government endorsement. *Cnty. of Allegheny*, 492 U.S. at 600-02 (standalone religious symbols problematic); *Capitol Square Review Bd. v. Pinette*, 515 U.S. 753 (1995) (government speech risks).

*Am. Legion*'s presumption does not apply rigidly to non-war-memorial crosses in active public spaces with ongoing religious message. The district court's reliance on longevity ignores replacement history and lack of dilution. Serious questions (or likelihood) exist.

The wooden cross at Olvera Street's South end is a quintessential Christian symbol. While longstanding (erected ca. 1929-1930 to commemorate LA's founding), its primary effect is religious endorsement, not mere historical commemoration. In *American Legion v. Am. Humanist Ass'n,* 139 S. Ct. 2067 (2019), the Court upheld a 1918 war memorial cross due to its acquired secular historical significance over time. However, the Bladensburg Cross was a war memorial with non-religious inscriptions and context; here, the Olvera Street cross commemorates a city's founding but lacks comparable secular dilution—it is a "holy cross" replicated from Spanish designs, per historical records, and stands

prominently without balancing elements. A reasonable observer would see it as endorsing Christianity, especially in a public park. See *Capitol Square Review Bd. v. Pinette,* 515 U.S. 753 (1995) (distinguishing government-sponsored religious displays from private ones; government displays risk endorsement). The cross fails *Lemon* and the endorsement test, raising serious questions.

Plaintiffs are likely to prevail, or at minimum raise serious questions, on their §1983 claim.

B. Plaintiffs Will Suffer Irreparable Harm Absent an Injunction.

Ongoing exposure to unconstitutional endorsement causes irreparable injury. *Elrod v. Burns,* 427 U.S. 347, 373 (1976). Gerritsen's frequent visits and offense/exclusion as atheist are concrete (declarations). Seasonal recurrence heightens urgency. (Supp. Decl. ¶ 11.)

The loss of First Amendment freedoms constitutes irreparable injury. *Elrod v. Burns,* 427 U.S. 347, 373 (1976). Gerritsen, as an atheist, is exposed to these endorsements during Park visits, causing ongoing harm through feelings of exclusion and offense. (Gerritsen Decl. ¶¶ 6-8.) Without relief, this harm continues, especially with potential recurrence of the seasonal Nativity.

C. The Balance of Equities Tips Sharply in Plaintiffs' Favor

Minimal burden on City (cover/remove replaceable cross; refrain from crèche). Constitutional violation outweighs. *Cottrell,* 632 F.3d at 1135. Defendants face minimal burden: removing or covering the cross (a replaceable wooden fixture) and refraining from Nativity displays costs little and preserves the Park's secular use. Plaintiffs, however, suffer constitutional harm. The equities favor Plaintiffs. See *Cottrell,* 632 F.3d at 1135 (balance tips sharply where constitutional rights are at stake).

///

///

D. An Injunction Serves the Public Interest

Vindicating Establishment Clause neutrality serves public. *Melendres v. Arpaio,* 695 F.3d 990 (9th Cir. 2012); Upholding the Establishment Clause promotes religious neutrality and prevents government favoritism, serving the public interest. See *Awad v. Ziriax,* 670 F.3d 1111, 1132 (10th Cir. 2012) (enjoining Establishment Clause violations is in public interest).

## II. ON REMAND, THIS CASE SHOULD BE HEARD BEFORE A JUDGE, OTHER THAN DISTRICT JUDGE KLAUSNER, DUE TO HIS EXTREME BIAS IN THIS CASE.

Judge Klaysner is clearly biased in favor of Appellees. He is a product of favoring the government and it's law enforcement agents, regardless of whether they are following the law or not. It is clear that Judge Klausner bended over backwards to help the ***BURDENS ON THE CITY;*** Judge Klausner did not hear either side as to the Motion for Preliminary Injunction. It seems that Judge Klausner was interested in making sure that Appellees get away with violating the First Amendment, instead of actually ruling on the matter in the Court. It is time to remand this case back to District Court to be heard by a Judge other than Judge Klausner.

///

///

///

///

///

///

///

///

///

## CONCLUSION.

For the foregoing reasons, this Court should reverse the Denial of the Order Granting the Preliminary injunction with the direction to remove the Cross and Nativity Scenes.

Dated this 18th day of June, 2026

By: Jack Gerritsen

JACK GERRITSEN
6217 ½ Palm Av.
Bell, CA., 90201
Appellant in Pro Se.

## STATEMENT OF RELATED CASES.

Appellant hereby attests that this Appeal is not related to any current Appeal.

Dated this 18th day of June, 2026

By: *Jack Gerritsen*
JACK GERRITSEN
6217 ½ Palm Av.
Bell, CA., 90201
Appellant in Pro Se.

**CERTIFICATE OF COMPLIANCE.**

I certify that pursuant to Federal Rule of Appellate Procedure 27(d) and Ninth Circuit Rule 27-1, the attached Opening Brief is proportionately spaced, has a typeface of 14 points or more and contains 2,110 words.

Dated this 18th day of June, 2026

By: Jack Gerritsen

JACK GERRITSEN
6217 ½ Palm Av.
Bell, CA., 90201
Appellant in Pro Se.

## ADDENDUM.

**United States Constitution, First Amendment.**

"Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances."

**United States Constitution, Fourteenth Amendment, Section 1.**

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

**PROOF OF SERVICE.**

I, Henry Frederick Ramey, Jr., am a resident of the County of Los Angeles, State of California. I am over the age of 18 years, and I am not a party to this action. My address is 7101 Rosecrans Av., #98, Paramount, California.

On June 18, 2026, I served the foregoing copies of APPELLANT'S OPENING BRIEF on the interested parties in this action by placing the following true copies, as attachments, addressed as follows:

Gabriel Detmer, gabriel.dermer@lacity.org

Emerson Kim, emerson.kim@lacity.org

Hydee Feldstein Soto, City Attorney

City of Los Angeles

On the above date, I emailed such papers to the offices of the addressees.

Under the penalty of perjury, I declare that the foregoing is true and correct, and that this declaration was executed on June 18, 2026, at Paramount, California.

Henry F. Ramey, Jr.
HENRY FREDERICK RAMEY, JR.,
Declarant.