**No. 26-3278**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

**JACK GERRITSEN,**

*Plaintiff-Appellant,*

HENRY FREDERICK RAMEY, JR.,

*Plaintiff,*

*v.*

CITY OF LOS ANGELES, a chartered city, and
DOMENIKA LYNCH, as General Manager, El Pueblo Park,

*Defendants-Appellees.*

---

On Appeal from the United States District Court for the
Central District of California, No. 2:25-cv-8760-RGK
Hon. R. Gary Klausner, District Judge

---

## APPELLANT'S OPPOSITION TO PROPOSED INTERVENOR-DEFENDANT OLVERA STREET MERCHANTS ASSOCIATION FOUNDATION'S MOTION TO INTERVENE AND,
## IN THE ALTERNATIVE, OPPOSITION TO PROPOSED BRIEF OF AMICUS CURIAE

**JACK GERRITSEN**
6217 ½ Palm Avenue
Bell, California 90201
Telephone: (323) 383-4371
Appellant in Propria Persona

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ........ **iii**
**INTRODUCTION** ........ **1**
**BACKGROUND** ........ **2**
A. The Displays and the District Court Record ........ 2
B. The Foundation's Eleventh-Hour Filing ........ 4
**ARGUMENT** ........ **5**
**I. THE FOUNDATION SHOULD NOT BE PERMITTED TO INTERVENE.** ........ **5**
A. Intervention on Appeal After Full Briefing Is Strongly Disfavored. ........ 5
B. The Motion Is Untimely. ........ 6
C. The Foundation Lacks a Significantly Protectable Interest in the City's Government Speech. ........ 8
D. The City Adequately Represents Any Interest the Foundation Can Claim. ........ 9
E. Cameron v. EMW Is Distinguishable, and Permissive Intervention Would Prejudice Appellant. ........ 10
**II. AMICUS PARTICIPATION SHOULD BE DENIED OR SEVERELY LIMITED.** ........ **11**
A. Extra-Record Declarations Are Improper and Should Be Stricken. ........ 11
B. The Proposed Brief Is Duplicative and, in Places, Improper. ........ 12
**III. IF THE COURT CONSIDERS THE PROPOSED BRIEF ON THE MERITS, IT DOES NOT JUSTIFY AFFIRMANCE.** ........ **13**
A. Gerritsen Has Article III Standing Under Binding Ninth Circuit Law. ........ 13
B. Kennedy's "Hallmarks" Are Not an Exclusive Checklist That Immunizes All Government Religious Displays. ........ 15
C. The Olvera Street Cross Is Not the Bladensburg Cross. ........ 17

D. The Isolated Kiosko Creche Is Not Saved by Extra-Record History, Lynch, or Las Posadas. .......... 18

E. The Remaining Winter Factors Favor an Injunction. .......... 20

**CONCLUSION** .......... **21**

**CERTIFICATE OF COMPLIANCE** .......... **22**

**CERTIFICATE OF SERVICE** .......... **23**

# TABLE OF AUTHORITIES

## Cases

*All. for the Wild Rockies v. Cottrell, 632 F.3d 1127 (9th Cir. 2011)* III.C, III.E

*Am. Legion v. Am. Humanist Ass'n, 588 U.S. 29 (2019)* passim

*Arakaki v. Cayetano, 324 F.3d 1078 (9th Cir. 2003)* I.D

*Bates v. Jones, 127 F.3d 870 (9th Cir. 1997)* I.A

*Buono v. Norton, 371 F.3d 543 (9th Cir. 2004)* III.A

*Cameron v. EMW Women's Surgical Ctr., P.S.C., 595 U.S. 267 (2022)* I.A, I.E

*Catholic League for Religious & Civil Rights v. City & Cnty. of S.F., 624 F.3d 1043 (9th Cir. 2010) (en banc)* III.A

*City of Ocala v. Rojas, 143 S. Ct. 764 (2023) (statement of Gorsuch, J.)* III.A

*Cnty. of Allegheny v. ACLU, 492 U.S. 573 (1989)* III.D

*Day v. Apoliona, 505 F.3d 963 (9th Cir. 2007)* I.A

*Diamond v. Charles, 476 U.S. 54 (1986)* I.C

*Donnelly v. Glickman, 159 F.3d 405 (9th Cir. 1998)* I, I.E

*Elrod v. Burns, 427 U.S. 347 (1976)* III.E

*Gerritsen v. City of Los Angeles, 994 F.2d 570 (9th Cir. 1993)* II.B

*Groff v. DeJoy, 600 U.S. 447 (2023)* III.B

*Hollingsworth v. Perry, 570 U.S. 693 (2013)* I.C

*Int'l Union, UAW v. Scofield, 382 U.S. 205 (1965)* I

*Kennedy v. Bremerton Sch. Dist., 597 U.S. 507 (2022)* passim

*Kirshner v. Uniden Corp. of Am., 842 F.2d 1074 (9th Cir. 1988)* II.A

*League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297 (9th Cir. 1997)* I.B

*Lemon v. Kurtzman, 403 U.S. 602 (1971)*

III.B

*Lowry v. Barnhart, 329 F.3d 1019 (9th Cir. 2003)* II.A, III.D

*Lynch v. Donnelly, 465 U.S. 668 (1984)* III.D

*Melendres v. Arpaio, 695 F.3d 990 (9th Cir. 2012)* III.E

*Miller v. Gammie, 335 F.3d 889 (9th Cir. 2003) (en banc)* III.A, III.B, III.D

*Perry v. Proposition 8 Official Proponents, 587 F.3d 947 (9th Cir. 2009)* I.D

*Pleasant Grove City v. Summum, 555 U.S. 460 (2009)* I.C

*Shurtleff v. City of Boston, 596 U.S. 243 (2022)* III.B

*Smith v. L.A. Unified Sch. Dist., 830 F.3d 843 (9th Cir. 2016)* I.B

*Teague v. Lane, 489 U.S. 288 (1989)* III.A

*Town of Greece v. Galloway, 572 U.S. 565 (2014)* III.B

*United States v. Alisal Water Corp., 370 F.3d 915 (9th Cir. 2004)* I.A, I.B

*United States v. Elias, 921 F.2d 870 (9th Cir. 1990)* II.A

*United States v. Oregon, 913 F.2d 576 (9th Cir. 1990)* I.B

*Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464 (1982)* III.A

*Van Orden v. Perry, 545 U.S. 677 (2005)* III.B

*Vasquez v. L.A. Cnty., 487 F.3d 1246 (9th Cir. 2007)* III.A

*Walker v. Tex. Div., Sons of Confederate Veterans, Inc., 576 U.S. 200 (2015)* I.C

*Wilderness Soc'y v. U.S. Forest Serv., 630 F.3d 1173 (9th Cir. 2011) (en banc)* I, I.C

*Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7 (2008)* III.E

*Woodring v. Jackson Cnty., 986 F.3d 979 (7th Cir. 2021)* III.C, III.D

## Constitutional Provisions, Statutes, and Rules

*U.S. Const. amend. I (Establishment Clause)*

passim

*Fed. R. App. P. 10(a)*

I.A, II.A

*Fed. R. App. P. 27*

passim

*Fed. R. App. P. 28(c)*

I.B

*Fed. R. App. P. 29(a)*

II

*Fed. R. Civ. P. 24(a), (b)*

I

*9th Cir. R. 27-1*

Cert.

*9th Cir. R. 29-1, 29-3*

II

*Fed. R. Evid. 404*

II.B

## INTRODUCTION

The Olvera Street Merchants Association Foundation, represented by The Becket Fund for Religious Liberty, waited until this interlocutory appeal was fully briefed and then asked to become a party. Its 44-page filing of August 24, 2026 (DktEntry 19.1) is styled a "Proposed Intervenor-Defendant's Brief or Alternatively Proposed Brief of Amicus Curiae." It relies on three declarations never presented to the district court, offered to supply the evidence the district court found missing: a longstanding history of the isolated Kiosko nativity. *See* 1-ER-7 (holding the creche is *not* entitled to *American Legion*'s presumption because the record did not show it was "established").

This Court should deny intervention of right and permissive intervention. Intervention on appeal after merits briefing is strongly disfavored. The application is untimely under every factor this Court considers. The Foundation has no significantly protectable legal interest in the City of Los Angeles's own government speech. And the City is already defending both displays with vigor, the same authorities, and the same prayer for affirmance. *Cameron v. EMW Women's Surgical Center, P.S.C.*, 595 U.S. 267 (2022), is not to the contrary: there the existing governmental party had *abandoned* the defense. The City has done the opposite.

If the Court treats the filing as an amicus brief, it should deny leave or, at minimum, strike the extra-record declarations and the personal attacks in footnote 3, and give the remainder no weight as duplicative of the City's answering brief. Fed. R. App. P. 29(a)(3); 9th Cir. R. 29-1, 29-3; *Lowry v.*

*Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003).

Should the Court reach the Foundation's merits arguments, they fail. Appellant Jack Gerritsen has Article III standing under this Court's binding en banc decision in *Catholic League for Religious & Civil Rights v. City & County of San Francisco*, 624 F.3d 1043 (9th Cir. 2010) (en banc). *Kennedy v. Bremerton School District*, 597 U.S. 507 (2022), did not reduce the Establishment Clause to a closed six-item coercion checklist. The replica cross at Olvera Street is not the Bladensburg Cross. And the district court itself refused to apply *American Legion*'s presumption to the creche. 1-ER-7. The Foundation cannot cure that gap with appellate-stage declarations. The order denying a preliminary injunction should be reversed.

## BACKGROUND

### A. The Displays and the District Court Record

El Pueblo de Los Angeles Historical Monument is a public park. Appellant Gerritsen, a 90-year-old atheist, visits two to three times each month. He encounters a prominent wooden Latin cross at the south entrance of Olvera Street on every visit and a life-size nativity of Mary, Joseph, and the infant Jesus on the Kiosko gazebo each November and December, unaccompanied by Santa Claus, reindeer, lights, or other secular holiday symbols. (Gerritsen Decl. ¶¶ 3-7; Supp. Decl. ¶¶ 4-11; FAC ¶ 22.)

The original cross was installed in 1929 in connection with Christine Sterling's revitalization of Olvera Street. It commemorates Los Angeles's founding under a Catholic name, "El Pueblo de Nuestra Señora la Reina de los

Angeles," and replicates the "holy crosses" of Spanish missionaries. The physical object now standing is a replica; its weathered predecessor was removed and, as Gerritsen declared below, placed on display at the Catholic church across the street. (Supp. Decl. ¶¶ 4-8.) It is a plain Latin cross. It bears no war-memorial inscriptions, no "Valor," "Endurance," "Courage," or "Devotion," and no surrounding secular memorials of the kind that were central in *American Legion v. American Humanist Ass'n*, 588 U.S. 29 (2019).

Plaintiffs sued on September 4, 2025. The City answered. Plaintiffs filed a First Amended Complaint on January 26, 2026, and Gerritsen moved for a preliminary injunction on February 17, 2026. The district court denied the motion on May 14, 2026, without a hearing and without weighing the remaining *Winter* factors. 1-ER-9. As to the cross, the court applied *American Legion*'s presumption. 1-ER-6-7. As to the creche, the court held there was "insufficient evidence" it was long "established," so "no presumption of constitutionality applied," then upheld it under *Kennedy* as part of Las Posadas and a national Christmas tradition. 1-ER-7-8. Gerritsen alone appealed. Opening Brief June 18, 2026; City's Answering Brief August 17 (DktEntry 12.1); Appellant's Reply August 18.

**B. The Foundation's Eleventh-Hour Filing**

On August 24, 2026-six days after the reply closed the briefing-the Foundation filed the proposed brief. Footnote 1 states that it is submitted "alongside a motion to intervene as a Defendant-Appellee or, in the alternative, to participate as an amicus." Proposed Br. 2 n.1. The brief relies on new declarations of Valerie Hanley, Sylvia Gribbell, and Edward Flores describing merchant history, Las Posadas, a Blessing of the Animals, Día de los Muertos, and-most consequentially-that the nativity has been displayed "going back to at least the mid-1960s." Proposed Br. 27 (citing Hanley Decl. ¶ 16). That assertion appears nowhere in the district court record on which the preliminary-injunction order rests.

The proposed brief then argues that Gerritsen lacks standing; that *Kennedy* requires a plaintiff to match one of six historical "hallmarks" of an established church; that *American Legion* presumptively saves both displays; that *County of Allegheny v. ACLU*, 492 U.S. 573 (1989), and the endorsement inquiry are "bad law"; and that Gerritsen's "hurt feelings" are not irreparable harm. Proposed Br. 17-34. Footnote 3 catalogues forty years of Gerritsen's civil and criminal litigation history. Proposed Br. 18 n.3.

# ARGUMENT

## I. THE FOUNDATION SHOULD NOT BE PERMITTED TO INTERVENE.

Federal Rule of Civil Procedure 24 supplies the standard, applied by analogy in this Court. *See Int'l Union, United Auto., Aerospace & Agric. Implement Workers v. Scofield*, 382 U.S. 205, 217 n.10 (1965); *Day v. Apoliona*, 505 F.3d 963, 964-65 (9th Cir. 2007). Intervention of right requires a timely motion, a significantly protectable interest, practical impairment of that interest, and inadequate representation by existing parties. Fed. R. Civ. P. 24(a)(2); *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc). Permissive intervention under Rule 24(b) independently requires timeliness and a common question of law or fact, and it remains committed to this Court's discretion, including consideration of delay and prejudice. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). The Foundation satisfies none of these requirements.

### A. Intervention on Appeal After Full Briefing Is Strongly Disfavored.

"A court of appeals may, in its discretion, permit intervention at the appellate stage, but such intervention is generally disfavored." *Day*, 505 F.3d at 965; *see Bates v. Jones*, 127 F.3d 870, 873 (9th Cir. 1997); *United States v. Alisal Water Corp.*, 370 F.3d 915, 921-23 (9th Cir. 2004). An appeal is not a trial de novo. The record is closed. Fed. R. App. P. 10(a). The parties have already framed the issues. Injecting a new appellee after the reply forces this Court either to entertain a second, untested merits brief or to reopen a completed schedule.

The Foundation did not move in the district court, after the May 14, 2026 order, after the May 18 notice of appeal, or after the June 18 Opening Brief. It waited until the City had answered, until Gerritsen had replied, and until the interlocutory appeal was ready for submission. That is the opposite of the prompt appellate intervention this Court has sometimes allowed when a governmental party suddenly stops defending a statute. *Compare Cameron*, 595 U.S. at 277-82. Nothing stopped the Foundation from participating below, when merchant history could have been tested by declaration or judicial notice.

### B. The Motion Is Untimely.

Timeliness is "the threshold requirement for intervention." *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990). This Court evaluates (1) the stage of the proceeding, (2) prejudice to other parties, and (3) the reason for and length of the delay. *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016); *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (*LULAC*). All three factors cut against the Foundation.

*Stage of the proceeding.* The complaint was filed September 4, 2025. The preliminary-injunction record closed in the spring of 2026. Judgment on the motion was entered May 14. Merits briefing in this Court concluded August 18. A motion filed after "the district court ha[s] entered final judgment"-and, a fortiori, after appellate briefing is complete-faces a "very high" bar. *LULAC*, 131 F.3d at 1302. This case is past that point on the interlocutory appeal.

*Prejudice.* Prejudice is the "most important consideration." *Smith*, 830 F.3d at 857. Gerritsen, a 90-year-old litigant in propria persona, has already used his

one reply to meet the City's answering brief. Fed. R. App. P. 28(c). If the Foundation is made a party, he is confronted with a second 6,761-word merits brief, three new fact declarations, a standing challenge the City did not raise, and a historical appendix of extra-record photographs and websites. He cannot file another reply as of right. The City, for its part, has already chosen its arguments. Adding a private co-appellee after the reply also threatens delay of an appeal that exists precisely because a preliminary injunction was denied and the challenged displays continue.

*Reason for delay*. The Foundation's own papers show it has known of these displays for decades. Hanley, Gribbell, and Flores describe family businesses on Olvera Street since the 1930s. Proposed Br. 9-12. The lawsuit was public. The preliminary-injunction motion was public. The district court's order was public. The Opening Brief was public. The Foundation offers no excuse for sitting out the entire district court proceeding and the entire briefing cycle except the implicit desire to fill a hole in the City's record after reading the court's order and the briefs. That is not a reason this Court accepts. *See Oregon*, 913 F.2d at 588-89; *Alisal*, 370 F.3d at 923.

**C. The Foundation Lacks a Significantly Protectable Interest in the City's Government Speech.**

A proposed intervenor must show a "significantly protectable" interest relating to the property or transaction that is the subject of the action. *Wilderness Soc'y*, 630 F.3d at 1177-79. The subject of this appeal is whether two *City-owned and City-maintained* displays on *public* parkland violate the Establishment Clause and whether Gerritsen is entitled to a preliminary injunction against the City. Those displays are government speech. "Permanent monuments displayed on public property typically represent government speech." *Pleasant Grove City v. Summum*, 555 U.S. 460, 470 (2009); *see also Walker v. Tex. Div., Sons of Confederate Veterans, Inc.*, 576 U.S. 200, 209-10 (2015).

Private merchants do not acquire a legally protectable interest in the government's own speech merely because they do business nearby, cherish local traditions, or believe a monument is good for tourism. The Foundation's interests in cultural events, customers, and community, Proposed Br. 9, 13, are civic, not a legal stake in the constitutionality of the City's cross or isolated creche. An injunction requiring the City to cover a replaceable wooden cross, or to refrain from an official standalone nativity, would not forbid Las Posadas, the Blessing of the Animals, Día de los Muertos, merchant sales, or private religious exercise. What the Foundation seeks is to litigate the City's message.

That is not an interest Rule 24 recognizes. *Diamond v. Charles*, 476 U.S. 54, 65-67 (1986), held that a private physician could not piggyback on the State's interest in defending a statute. *Hollingsworth v. Perry*, 570 U.S. 693, 704-15 (2013), likewise held that ballot-measure proponents lacked a particularized

interest in defending its constitutionality after state officers declined. The Foundation's position is weaker. The City *is* defending. The Foundation wants a second chair to press extra-record facts and an attack on Gerritsen's standing and character.

**D. The City Adequately Represents Any Interest the Foundation Can Claim.**

"The most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). "When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." *Id.* There is a further "assumption of adequacy when the government is acting on behalf of a constituency that it represents." *Id.* Overcoming that assumption requires a "very compelling showing." *Id.*

The Foundation and the City share the same ultimate objective: affirmance of the order denying a preliminary injunction and continued display of the cross and the creche. The City's answering brief already argues that the cross is an established monument under *American Legion*; that replacement for weathering does not defeat the presumption; that the creche fits Christmas and Las Posadas traditions under *Kennedy* and *Lynch v. Donnelly*, 465 U.S. 668 (1984); that Gerritsen's delay undermines irreparable harm; and that the equities and public interest favor leaving the displays in place. Answering Br. 13-26. Those are the Foundation's arguments, minus the extra-record declarations and the standing/ad-hominem overlay.

A proposed intervenor's belief that it would make the *same* defense more colorfully, or with additional historical color, does not show inadequacy. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 954-55 (9th Cir. 2009). The City Attorney's Office has appeared through the City Attorney, Chief Deputies, and a Deputy City Attorney, and has filed a substantial brief. There is no suggestion of collusion, nonfeasance, or a conflict between the City's litigation goal and the Foundation's. The "very compelling showing" *Arakaki* requires is not made.

**E. *Cameron v. EMW* Is Distinguishable, and Permissive Intervention Would Prejudice Appellant.**

*Cameron* allowed a state attorney general to intervene on appeal after existing state officials abandoned defense of a state statute. 595 U.S. at 277. The Court stressed the State's "powerful" interest in the continued enforcement of its laws and the sudden vacuum created when the named official defendants stood down. *Id.* at 277-79. None of that is present here. The City has not abandoned the displays, has not declined to defend, and has not confessed error. It is the appellee. A private merchant association is not a state attorney general, and a city's park monuments are not a statewide statute left undefended.

Permissive intervention independently fails. Even if a common legal question exists-the constitutionality of the displays-Rule 24(b)(3) requires the Court to consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights. It would. The appeal is fully briefed. Extra-record evidence would turn a closed PI record into an appellate trial. And

Gerritsen would be forced to meet a second, more aggressive appellee without a reply. Discretion should be exercised to deny permissive intervention. *See Donnelly*, 159 F.3d at 412.

## II. AMICUS PARTICIPATION SHOULD BE DENIED OR SEVERELY LIMITED.

The alternative request to appear as amicus curiae is not a right. A nongovernmental amicus may file only with leave of court or the consent of all parties. Fed. R. App. P. 29(a)(2). A motion for leave must state the movant's interest and why an amicus brief is desirable and relevant. Fed. R. App. P. 29(a)(3). Circuit Rule 29-3 requires a statement of efforts to obtain consent. Duplicative amicus briefs are disfavored, and "[n]o reply brief of an amicus curiae is permitted." 9th Cir. R. 29-1.

### A. Extra-Record Declarations Are Improper and Should Be Stricken.

"Save in unusual circumstances, we consider only the district court record on appeal." *Lowry*, 329 F.3d at 1024. Papers not presented to the district court are "not part of the record on appeal." *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988); Fed. R. App. P. 10(a). This Court does not permit parties-let alone proposed amici-to "fill the gaps" in a preliminary-injunction record with new declarations filed for the first time here. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

The Foundation's extra-record showing is not incidental. It is the heart of its creche argument. The district court held that the nativity was not shown to be

"established," and therefore that *American Legion*'s presumption "did not apply." 1-ER-7. The Foundation answers that holding with a new declaration that the nativity has been set up since "at least the mid-1960s." Proposed Br. 27 (Hanley Decl. ¶ 16). That is an attempt to retry a factual issue on which the City did not carry its record below. It is precisely what Rule 10 and *Lowry* forbid. The Hanley, Gribbell, and Flores declarations, the extra-record photographs, and the website citations offered for historical facts not found in the ER should be stricken or disregarded.

**B. The Proposed Brief Is Duplicative and, in Places, Improper.**

An amicus brief is not a vehicle for a second answering brief. The City has already briefed *American Legion*, *Kennedy*, *Lynch*, delay, equities, and the public interest. The Foundation's legal discussion of those authorities tracks the City's. What is new is not helpful within Rule 29(a)(3): extra-record facts, a standing argument the district court had no occasion to decide on a developed motion, and a footnote devoted to Gerritsen's litigation history, including a criminal conviction. Proposed Br. 18 n.3.

That footnote is not legal argument. It is an ad hominem. Gerritsen's prior lawsuits-including his successful and unsuccessful efforts to leaflet at El Pueblo, *see Gerritsen v. City of Los Angeles*, 994 F.2d 570 (9th Cir. 1993)-do not defeat Article III injury, do not ratify a government-owned Latin cross, and do not secularize an isolated nativity. The Establishment Clause is not a popularity contest, and it is not reserved for first-time litigants. This Court should not reward a proposed amicus for introducing character evidence that would be

irrelevant even at trial. Fed. R. Evid. 404.

If the Court nevertheless grants leave to file as amicus, Appellant respectfully requests that the Court (1) deny party status; (2) strike or disregard extra-record declarations and facts; (3) disregard footnote 3; (4) permit no amicus oral argument and no amicus reply, 9th Cir. R. 29-1; and (5) treat the remainder, at most, as duplicative argument already made by the City.

## III. IF THE COURT CONSIDERS THE PROPOSED BRIEF ON THE MERITS, IT DOES NOT JUSTIFY AFFIRMANCE.

Appellant has already demonstrated in the Opening and Reply Briefs that the district court abused its discretion. The Foundation's filing does not repair the order. Four points require an answer so that the Foundation's theories do not stand unrebutted if the Court reads the brief as amicus.

### A. Gerritsen Has Article III Standing Under Binding Ninth Circuit Law.

The Foundation leads with standing. Proposed Br. 17-20. The district court did not dismiss for lack of standing, and the City's answering brief did not press the issue. The argument is in any event wrong.

This Court, sitting en banc, has held that persons directly and personally exposed to a government message concerning religion, who allege that the message makes them feel like outsiders in their community, have alleged a concrete Establishment Clause injury. *Catholic League*, 624 F.3d at 1048-53 (en banc). Direct, unwelcome contact with a religious display in one's community is not a "generalized grievance." *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249-51

(9th Cir. 2007); *Buono v. Norton*, 371 F.3d 543, 546-48 (9th Cir. 2004). Gerritsen lives in this District, visits El Pueblo two to three times a month, sees the cross on every visit and the creche every holiday season, and alleges exclusion as a nonbeliever confronted with official Christian endorsement. (Gerritsen Decl. ¶¶ 3-7; Supp. Decl. ¶¶ 10-11.) That is the injury *Catholic League* and *Vasquez* recognize.

*Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464 (1982), does not hold otherwise. The *Valley Forge* plaintiffs were taxpayers and a national organization who had never seen the property at issue; they lived in Maryland and challenged a land transfer in Pennsylvania. *Id.* at 486-87. The Court rejected a pure taxpayer, "psychological" injury unmoored from any personal contact. *Id.* at 485-87. Gerritsen is the opposite: a local visitor with repeated, direct, unwelcome contact. The Supreme Court itself reached the merits in *American Legion* on a record of regular encounters with the Bladensburg Cross, 588 U.S. at 45-46, and in *Lynch* and *Allegheny* on challenges by residents who saw the holiday displays. It did not begin those opinions by dismissing for lack of standing.

The Foundation's remaining citations are not holdings that bind this Court. *City of Ocala v. Rojas*, 143 S. Ct. 764 (2023), is a statement of Justice Gorsuch respecting a denial of certiorari and a dissent from denial by Justice Thomas. A denial of certiorari decides nothing. *Teague v. Lane*, 489 U.S. 288, 296 (1989). Justice Gorsuch's concurrence in *American Legion*, 588 U.S. at 80-88, did not speak for the Court; the majority resolved the case on the merits. *Kennedy*'s

rejection of a "modified heckler's veto" in a Free Exercise case about a coach's private prayer, 597 U.S. at 534, does not silently overrule *Catholic League*. A three-judge panel may not discard en banc standing law on concurrences and certiorari writings. *Miller v. Gammie*, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc).

**B. *Kennedy*'s "Hallmarks" Are Not an Exclusive Checklist That Immunizes All Government Religious Displays.**

The Foundation's central merits theory is that the Establishment Clause now prohibits only government action that matches one of six founding-era "hallmarks" of an established church-control of doctrine, compelled attendance, punishment of dissent, political disabilities, preferential financial support, or delegated civil functions-and that a "passive display" of a cross or nativity has none of those features and is therefore automatically constitutional. Proposed Br. 21-24 (citing *Shurtleff v. City of Boston*, 596 U.S. 243, 286 (2022) (Gorsuch, J., concurring), and *Kennedy*, 597 U.S. at 537 n.5). That is not the holding of *Kennedy*, and it is not the law of this Circuit.

*Kennedy* held that "the Establishment Clause must be interpreted by reference to historical practices and understandings," 597 U.S. at 535 (internal quotation marks omitted), and it abrogated *Lemon v. Kurtzman*, 403 U.S. 602 (1971), as the governing framework. *Id.* at 534; *see Groff v. DeJoy*, 600 U.S. 447, 460 (2023). The "hallmarks" sentence appears in a footnote citing Professor McConnell, in a case about whether a school district could *suppress private religious speech* by a coach. 597 U.S. at 537 & n.5. The Court did not announce

that those six examples are an exclusive closed list, and it did not overrule *American Legion*, *Town of Greece v. Galloway*, 572 U.S. 565 (2014), *Lynch*, or *Allegheny* as applied to government-sponsored monuments and holiday displays.

If the Foundation were right, *American Legion* would have been unnecessary: a 40-foot Latin cross on public land is "passive" and therefore constitutional. The Court instead wrote at length about *longstanding* monuments, *acquired* secular meaning, *context*, and a *rebuttable* presumption. 588 U.S. at 51-57, 64. *Town of Greece* would likewise have been unnecessary. The Court instead asked whether the practice "fits within the tradition long followed in Congress and the state legislatures." 572 U.S. at 577. *Van Orden v. Perry*, 545 U.S. 677, 686-92 (2005) (plurality), examined a monument's setting and history, not whether it coerced church attendance. History-and-tradition analysis is not a device for erasing the Establishment Clause whenever the government does not fine or jail the objector.

Sister-circuit decisions applying a hallmarks-only screen to school curriculum or prison programming, *see* Proposed Br. 24, do not bind this Court and do not involve a city's Latin cross at a park entrance or an isolated life-size nativity as official holiday decor. This Court remains bound by *American Legion* and by its own cases until they are "clearly irreconcilable" with intervening Supreme Court authority. *Miller*, 335 F.3d at 900. *Kennedy* is not clearly irreconcilable with the rule that government may not erect a purely sectarian symbol that places the City's official weight behind a particular faith.

**C. The Olvera Street Cross Is Not the Bladensburg Cross.**

*American Legion* upheld a 40-foot Latin cross that had stood since 1925 as a World War I memorial, later among other memorials, bearing secular inscriptions of "Valor," "Endurance," "Courage," and "Devotion," and that had acquired meaning as a symbol of soldiers' sacrifice. 588 U.S. at 43-44, 66. The Court identified four considerations supporting a "strong presumption of constitutionality" for certain *established* monuments, strongest when a monument is "retained in its original place and form." *Id.* at 51-57, 64. The presumption is rebuttable, including where a display is maintained with discriminatory intent or "deliberate[] disrespect[]." *Id.* at 64.

The Olvera Street Cross shares little of that context. It is a plain wooden Latin cross. It is not a war memorial. It stands without the secularizing inscriptions or neighboring memorials that mattered in Bladensburg. Its message has not evolved from sacrifice in the Great War to civic remembrance; it continues to mark a city's founding by Spanish Catholic missionaries and to replicate their "holy crosses." (Supp. Decl. ¶¶ 4-8.) The current physical object is a replacement. Even the Foundation concedes the cross "was replicated and replaced in 2017 due to weathering." Proposed Br. 12. *American Legion* cautioned that the presumption is strongest when the monument remains in original form. 588 U.S. at 64. A rule that every replacement of a rotting sectarian symbol inherits perpetual immunity would allow governments to refresh religious displays in perpetuity under the banner of "maintenance."

Longevity is relevant; it is not talismanic. *See Woodring v. Jackson Cnty.*, 986 F.3d 979, 994 (7th Cir. 2021). The original 1929 installation does not erase the replica's recency, the absence of secular dilution, or the missionary character of the symbol. At a minimum, Gerritsen has raised serious questions going to the merits on the cross claim-the threshold this Circuit's sliding-scale preliminary-injunction standard requires when the equities tip sharply toward the plaintiff. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Foundation's insistence that *American Legion* is conclusive as to every old cross on public land is the same error the Opening and Reply Briefs identified in the City's argument and in the order under review.

**D. The Isolated Kiosko Creche Is Not Saved by Extra-Record History, *Lynch*, or Las Posadas.**

The district court already held that the creche is not entitled to *American Legion*'s presumption. 1-ER-7. That holding is the law of this record. The Foundation's mid-1960s claim is extra-record and may not be used to reverse it. *Lowry*, 329 F.3d at 1024. Even if a seasonal display had been erected for some years, *Woodring* declined to treat a 15-year-old creche as an "established" monument of the *American Legion* variety. 986 F.3d at 994. A Christmas installation that comes and goes is not a 94-year-old concrete war memorial.

On the historical-practices inquiry that remains, context still matters. *Lynch* upheld a creche because it was *embedded in a larger holiday display*-Santa Claus, reindeer, a Christmas tree, a banner reading "Seasons Greetings," and other secular symbols. 465 U.S. at 671, 679-82. *Allegheny* struck down a

standalone creche on the grand staircase of a courthouse because, "unlike in *Lynch*, nothing in the context of the display detract[ed] from the creche's religious message," and it "endorsed a patently Christian message." 492 U.S. at 598, 601. The Kiosko nativity is *Allegheny*, not *Lynch*: Mary, Joseph, and the infant Jesus, life-size, alone on the gazebo. (Supp. Decl. ¶ 9; FAC ¶ 22.)

*Kennedy* did not hold that every decision once discussed in endorsement terms is overruled, nor did it authorize a city to maintain a pure nativity as official speech simply because Christmas is a public holiday. Historical practice includes recognition of Christmas. It has never included a blank check for isolated, government-sponsored nativity scenes. The Foundation's "three plastic animals" rhetoric, Proposed Br. 28, is a slogan, not a substitute for the distinction the Supreme Court actually drew between a creche in secular context and a creche that stands alone as a Christian shrine on public property.

Las Posadas does not close the gap. It is a Catholic religious reenactment of Mary and Joseph's search for lodging before the birth of Jesus. Tying an isolated creche to a nine-night religious procession does not secularize the display; it underscores its sectarian meaning. The Foundation itself describes Las Posadas as depicting "the journey of Mary and Joseph to Bethlehem" and pairs it with a Blessing of the Animals by "a Catholic Cardinal or Bishop." Proposed Br. 11-12. That is additional official entanglement with Christian worship, not the "broader secular holiday display" *Lynch* required. Under *Miller*, *Allegheny*'s isolated-creche holding is not "clearly irreconcilable" with *Kennedy* merely because *Lemon* has been abrogated. 335 F.3d at 900.

### E. The Remaining *Winter* Factors Favor an Injunction.

The Foundation, like the City and the district court, would end the analysis at likelihood of success. Proposed Br. 33-34. That was error below. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), also requires irreparable harm, equities, and public interest. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion). Ongoing contact with official religious endorsement is the injury the Establishment Clause exists to prevent, not a disagreement to be cured by "averting one's eyes."

Delay does not extinguish that injury. Gerritsen filed suit in September 2025 and moved after the First Amended Complaint. The violation is continuing and will recur next holiday season. A pro se litigant's measured pace is not a waiver of the Establishment Clause. Covering a replaceable wooden cross and refraining from an isolated creche is a slight burden. The public interest favors neutrality. *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012). El Pueblo's history can be preserved through plaques, museums, food, music, and civic celebration-without a government Latin cross at the park gate and without an isolated nativity as the City's Christmas message.

## CONCLUSION

The Court should deny the Foundation's motion to intervene as of right and by permission. Alternatively, the Court should deny leave to file as amicus curiae or should strike the extra-record declarations, disregard footnote 3, and give the remainder no substantial weight. On the merits, the Foundation's arguments do not support affirmance. The order denying a preliminary injunction should be reversed and the case remanded with directions to enter an injunction requiring the City to remove or cover the Olvera Street Cross and to refrain from displaying the isolated Kiosko creche.

Respectfully submitted,

Dated: August 27, 2026

Jack Gerritsen

**JACK GERRITSEN**
6217 ½ Palm Avenue
Bell, California 90201
Telephone: (323) 383-4371
Appellant in Propria Persona

## CERTIFICATE OF COMPLIANCE

I certify that this opposition complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) and Ninth Circuit Rule 27-1 because it contains **5,002 words**, excluding the parts exempted by Fed. R. App. P. 32(f) (cover page, table of contents, table of authorities, signature block, and certificates). This opposition also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced 14-point serif typeface (Liberation Serif).

Dated: August 27, 2026

Jack Gerritsen

**JACK GERRITSEN**
Appellant in Propria Persona

## CERTIFICATE OF SERVICE

I, Henry Frederick Ramey, Jr., am a resident of the County of Los Angeles, State of California. I am over the age of 18 years, and I am not a party to this appeal. My address is 7101 Rosecrans Avenue, #98, Paramount, California 90723.

On August 27, 2026, I served the foregoing APPELLANT'S OPPOSITION TO PROPOSED INTERVENOR-DEFENDANT OLVERA STREET MERCHANTS ASSOCIATION FOUNDATION'S MOTION TO INTERVENE AND, IN THE ALTERNATIVE, OPPOSITION TO PROPOSED BRIEF OF AMICUS CURIAE on the interested parties in this action by emailing true copies, as attachments, addressed as follows:

Edward Han, Deputy City Attorney
edward.han@lacity.org
Hydee Feldstein Soto, City Attorney
City of Los Angeles
200 North Spring Street, 14th Floor
Los Angeles, California 90012

Andrea R. Butler, Counsel of Record
abutler@becketfund.org
The Becket Fund for Religious Liberty
1919 Pennsylvania Avenue NW, Suite 400
Washington, D.C. 20006
Counsel for Proposed Intervenor-Defendant

On the above date, I emailed such papers to the offices of the addressees. Under penalty of perjury, I declare that the foregoing is true and correct, and that this declaration was executed on August 27, 2026, at Paramount, California.

Henry F. Ramey, Jr.
**HENRY FREDERICK RAMEY, JR.**
Declarant