26-3278

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JACK GERRITSEN,

*Plaintiff-Appellant*,

HENRY FREDERICK RAMEY, JR.,

*Plaintiff,*

*v.*

CITY OF LOS ANGELES, a chartered city, and DOMENIKA LYNCH, as General Manager, El Pueblo Park,

*Defendants-Appellees*.

On Appeal from the United States District Court for the Central District of California, No. 2:25-cv-8760-RGK
Hon. R. Gary Klausner, District Judge

# REPLY IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANT-APPELLEE OR IN THE ALTERNATIVE TO PARTICIPATE AS AMICUS

Andrea R. Butler
*Counsel of Record*
Eric S. Baxter
Daniel L. Chen
Colten L. Stanberry
Richard C. Osborne
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW
Suite 400
Washington, DC 20006
(202) 955-0095
*abutler@becketfund.org*

*Counsel for Proposed Intervenor-Defendant*

## ARGUMENT

The Olvera Street Merchants Association Foundation has explained that its interest in preserving the historical and cultural heritage of El Pueblo is legally protected and that any injunction here would substantially impair those interests, entitling it to intervene. *See* Mot.8-18. The Merchants have also explained that, if this Court does not grant intervention, it should accept the proposed brief as an amicus brief and allow the Merchants to participate in oral argument. The brief addresses relevant standing and Establishment Clause issues not fully briefed by either party, and the Merchants' participation would be helpful to the Court. *See* Mot.21-22. Gerritsen raises three main objections in response, all of which fail.[1]

*First*, Gerritsen claims that the Merchants' request to intervene is untimely. Gerritsen cites several cases from this Court addressing attempts to intervene on appeal *after* final judgment. Resp.5; *see Day v. Apoliona*,

---

[1] Counsel notes for the Court that the following quotes in Gerritsen's response do not appear in the cited cases, accessed via Westlaw:

- "A court of appeals may, in its discretion, permit intervention at the appellate stage, but such intervention is generally disfavored." Resp.5 (purporting to quote *Day v. Apoliona*, 505 F.3d 963, 965 (9th Cir. 2007)).
- "A motion filed after 'the district court ha[s] entered final judgment'—and, a fortiori, after appellate briefing is complete—faces a 'very high' bar." Resp.6 (purporting to quote *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997)).

496 F.3d 1027, 1030 (9th Cir. 2007) (appeal from final dismissal); *Jones v. Bates*, 127 F.3d 839, 848 (9th Cir. 1997), *on reh'g en banc*, 131 F.3d 843 (9th Cir. 1997) (appeal from grant of permanent injunction). But that's not the situation here—as Gerritsen himself acknowledges; this is an *interlocutory* appeal from the denial of a preliminary injunction. A decision from this Court on the constitutionality of the cross and nativity will undoubtedly impact the district court's final judgment, and the Merchants' ability to intervene to protect their interests at this interlocutory stage doesn't disappear because Gerritsen appealed a preliminary order. The Merchants likewise plan to seek intervention in the ongoing district court proceedings.

Further, while Gerritsen emphasizes that the preliminary injunction motion was "public," Resp.7, the Merchants have submitted sworn testimony that the Foundation first learned of the lawsuit "in late May 2026, soon after the notice of appeal was filed," prompting it to evaluate the lawsuit's potential impact on its interests. Hanley Decl. ¶ 19. The relevant date is not when the lawsuit was filed, or even when the intervenor "learned of the litigation" but "the date the proposed intervenor should have been aware that its interests would no longer be protected adequately by the parties." *Kalbers v. DOJ*, 22 F.4th 816, 823-24 (9th Cir. 2021); *see* Mot.15-16. The Merchants moved to intervene within a reasonable time after learning of the litigation, obtaining counsel, and determining that their interests would not be adequately represented by the

City. Hanley Decl. ¶ 19. This Court has issued no substantive rulings in between the time the Merchants learned of the litigation and their intervention motion, and the posture of the appeal has not otherwise changed in that period.

Nor should the Court deem the Merchants' intervention request untimely just because Gerritsen filed his reply brief the day after the City filed its answering brief. *Compare* Answering Br., submitted Aug. 17, 2026; *with* Reply Br., submitted Aug. 18, 2026. Gerritsen did not allow the deadline for filing amicus briefs to pass before filing his reply, despite the City having explained that it anticipated potential amicus filing in this case. *See* Mot. for Extension at 4 (June 26, 2026), Dkt. 10. It is thus incorrect that briefing was "closed" at the time of the Merchants' filing. *Contra* Resp.4; *see* Fed. R. App. P. 29(a)(6) (setting time for amicus briefs).

*Second*, Gerritsen objects to the declarations accompanying the Merchants' Motion. But "well-supported declaration[s]" are appropriate in support of intervention motions, *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001), and the declarations submitted here establish the Merchants' interests in preserving the displays. Gerritsen's objection is "most consequentially," Resp.4, to Valerie Hanley's statement that she is aware that a nativity was displayed in the Old Plaza "as early as 1964," Hanley Decl. ¶ 16. But that statement establishes the Merchants' unique interests in protecting El Pueblo's historical traditions,

entitling them to intervene. Further, the Merchants do not suggest that Hanley's declaration is dispositive on the merits of Gerritsen's Establishment Clause claim, as their brief explains that the nativity is constitutional, even absent *American Legion*'s presumption of constitutionality. *See* Br.31-32.

Gerritsen also objects to "extra-record photographs, and … website citations offered for historical facts." Resp.12. But it is well-established that amici—to say nothing of intervenors—may "collect background or factual references that merit judicial notice." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.). The Merchants' brief provides the Court additional background information about El Pueblo—including photos to help the Court understand the historical nature and aesthetic of El Pueblo and its cultural celebrations—and public information about similar crosses across the country. *See* Br. 3-13, 30-31. This is well within the scope of an appropriate amicus (or intervenor) brief. *E.g.*, *Am. Legion v. Am. Humanist Ass'n*, 588 U.S. 29, 76 (2019) (Thomas, J., concurring) (citing with approval amicus brief of the Becket Fund for Religious Liberty laying out similar evidence).

*Third*, Gerritsen claims that, even as an amicus, the Merchants' arguments are not properly before the Court. But Gerritsen's assertion that the Merchants' arguments are "duplicative" of the City's briefing, Resp.12, is simply wrong. The Merchants advance at least two arguments not briefed by the parties: First, the Merchants explain that Gerritsen

lacks standing—a "jurisdictional" issue that this Court is "required … to examine." Br.17 (quoting *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002)). And second, the Merchants explain how the hallmarks approach to the Establishment Clause—adopted by the Supreme Court in *Kennedy* and since applied by at least three other circuits—applies to the facts of this case. *See* Br.21-24. The Merchants thus provide unique analysis that will assist the Court its disposition of this appeal.

## CONCLUSION

The Court should grant the motion to intervene or, in the alternative, accept the Intervenor Merchants' brief as an amicus brief.

Dated: September 3, 2026

Respectfully submitted,

/s/ *Andrea R. Butler*
Andrea R. Butler
*Counsel of Record*
Eric S. Baxter
Daniel L. Chen
Colten L. Stanberry
Richard C. Osborne
The Becket Fund for
Religious Liberty
1919 Pennsylvania Ave. NW,
Suite 400
Washington, DC 20006
(202) 955-0095
*abutler@becketfund.org*

*Counsel for Proposed Intervenor-Defendant*

## CERTIFICATE OF COMPLIANCE

This reply complies with the requirements of Fed. R. App. P. 27(d) and Circuit Rules 27-1(1)(d) and 32-3(2) because it has 1,066 words.

This motion also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

/s/ *Andrea R. Butler*
Andrea R. Butler

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2026, the foregoing motion to intervene pending appeal was filed electronically with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit through the Court's CM/ECF system. I certify that counsel for Defendants are registered CM/ECF users and will be served by the appellate CM/ECF system. I certify that I served the foregoing document on this date by mail for delivery within 3 calendar days to the following unregistered case participant:

Jack Gerritsen
6217 1/2 Palm Avenue
Bell, CA 90201

/s/ *Andrea R. Butler*
Andrea R. Butler