**UNITED STATES COURT OF APPEALS,**

**IN AND FOR THE NINTH CIRCUIT.**

| | |
|---|---|
| JACK GERRITSEN,<br><br>Plaintiff and Appellant,<br><br>HENRY FREDERICK RAMEY, JR.,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, a chartered city, and DOMENIKA LYNCH, as General Manager, El Pueblo Park,<br><br>Appellees, | Case No.: 9th Cir. 26-3278<br>(U. S. D. C., C. D. Cal. No. 2:25-cv-8760-RGK (KS) (C. D. Cal. 2026)) |

**APPELLANT'S PETITION FOR PANEL REHEARING AND REHEARING EN BANC.**

Appeal from the United States District Court,
In and for the Central District of California
The Honorable R. Gary Klausner, District Judge.

JACK GERRITSEN
6217 ½ Palm Av.
Bell, CA., 90201
TEL.; (323) 383-4371
Appellant in Pro Se

# TABLE OF CONTENTS.


| | |
|---|---|
| **STATEMENT REQUIRED BY FED. R. APP. P. 40(b)(2).** | 5 |
| **INTRODUCTION AND POINTS OVERLOOKED.** | 6 |
| **ARGUMENT.** | 7 |
| **I. THE PANEL OVERLOOKED THE GOVERNING PRELIMINARY-INJUNCTION STANDARD.** | 7 |
| **II. THE PANEL OVERLOOKED THE LIMITS OF *AMERICAN LEGION* AND THE HOLDING OF *ALLEGHENY.*** | 8 |
| **A. The Olvera Street cross is not the Bladensburg Cross.** | 8 |
| **B. An isolated crèche is not saved by *Lynch,* by Las Posadas, or by a dissent in *Allegheny.*** | 10 |
| **III. THE PANEL OVERLOOKED *ELROD* AND THE REMAINING *WINTER* FACTORS.** | 11 |
| **IV. THE DENIAL OF REASSIGNMENT, WITHOUT REASONS, OVERLOOKED THE REQUEST AND THE STANDARD.** | 12 |
| **V. THE QUESTIONS WARRANT EN BANC REVIEW AND, AT MINIMUM, A REASONED PUBLISHED DECISION.** | 14 |
| **CONCLUSION.** | 15 |
| **CERTIFICATE OF COMPLIANCE.** | 16 |

**TABLE OF CASES.**

*All. for the Wild Rockies v. Cottrell,* 632 F.3d 1127 (9th Cir. 2011). 5, 6, 7, 8, 12, 14

*Am. Legion v. Am. Humanist Ass'n,* 588 U.S. 29 (2019). 5, 6, 7, 8, 9, 10, 12, 13, 14

*Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). 6, 8, 13

*County of Allegheny v. ACLU,* 492 U.S. 573, 592 (1989). 5, 7, 9, 10, 11, 13, 14

*Elrod v. Burns,* 427 U.S. 347, 373 (1976). 5, 6, 11, 14

*Kennedy v. Bremerton Sch. Dist.,* 597 U.S. 507 (2022). 5, 6, 8, 10, 11, 13, 14

*Lemon v. Kurtzman,* 403 U.S. 602, 612-13 (1971). 10

*Lynch v. Donnelly,* 465 U.S. 668 (1984). 7, 10

*Manley v. Rowley*, 847 F.3d 705, 712 (9th Cir. 2017). 12

*Melendres v. Arpaio,* 695 F.3d 990 (9th Cir. 2012). 5, 11, 13

*United States v. Sears, Roebuck & Co.*, 785 F.2d 777, 780 (9th Cir. 1986). 12

*Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7 (2008). 5, 7, 8, 11, 12, 13

*Woodring v. Jackson Cnty.,* 986 F.3d 979 (7th Cir. 2021). 9

# TABLE OF AUTHORITIES.


| | |
|---|---|
| 28 U.S.C. §455. | 12 |
| 28 U.S.C. §1292(a)(1). | 6 |
| 42 U.S.C. §1983. | 5 |
| FED. R. APP. P. 40. | 5, 13 |
| Ninth Circuit Rule 36-2. | 14 |
| Ninth Circuit Rule 36-3. | 13 |
| Ninth Circuit Rule 40-4. | 14 |
| United States Constitution, First Amendment. | 5, 6, 7, 11, 13 |

**STATEMENT REQUIRED BY FED. R. APP. P. 40(b)(2).**

Appellant Jack Gerritsen, proceeding in pro se, respectfully petitions for panel rehearing and for rehearing en banc of the unpublished memorandum filed September 28, 2026, affirming denial of a preliminary injunction in this 42 U.S.C. §1983 Establishment Clause action. Panel rehearing is sought because the memorandum overlooks and misapprehends controlling points of law and fact. Rehearing en banc is sought because:

(A) The panel decision conflicts with decisions of the Supreme Court of the United States, including *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *County of Allegheny v. ACLU*, 492 U.S. 573 (1989); *American Legion v. American Humanist Ass'n*, 588 U.S. 29 (2019); and *Kennedy v. Bremerton School District*, 597 U.S. 507 (2022). Fed. R. App. P. 40(b)(2)(B).

(B) The panel decision conflicts with decisions of this Court, including *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011), and *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012), and the full Court's consideration is necessary to secure or maintain uniformity of the Court's decisions. Fed. R. App. P. 40(b)(2)(A).

(C) The proceeding involves questions of exceptional importance: whether, after *American Legion* and *Kennedy*, a municipality may maintain on public property (i) a plain Latin cross erected to commemorate a missionary founding and repeatedly replaced, and (ii) an isolated seasonal crèche unaccompanied by secular holiday symbols, and whether a court of appeals may affirm denial of First Amendment preliminary relief by reciting the *Winter* factors without addressing the governing merits standard, the presumption of irreparable harm, or the record distinctions the parties briefed. Fed. R. App. P. 40(b)(2)(D).

In Appellant's judgment, each of those grounds is present. The petition is not a reargument of the briefs. It identifies what the memorandum did not decide.

## INTRODUCTION AND POINTS OVERLOOKED.

The memorandum is two paragraphs of disposition. It states that the Court has jurisdiction under 28 U.S.C. § 1292(a)(1), that review is for abuse of discretion, *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009), and that the district court "did not abuse its discretion" because Gerritsen "failed to establish the requirements" for a preliminary injunction. Mem. at 2. It then quotes the four *Winter* factors and affirms. It denies as moot the Olvera Street Merchants Association Foundation's motion to intervene or appear as amicus, and it denies, without reasons, the request in the opening brief that any remand be to a judge other than District Judge Klausner. Mem. at 2.

The memorandum does not mention, and therefore does not apply or distinguish:

(1) the Ninth Circuit sliding-scale standard under which serious questions going to the merits, plus a balance of hardships that tips sharply toward the movant, support preliminary relief if the remaining factors are met, *Cottrell*, 632 F.3d at 1134–35;

(2) the rule that a district court abuses its discretion when it commits legal error, and that legal conclusions embedded in a preliminary-injunction order are reviewed de novo, *Am. Trucking*, 559 F.3d at 1052;

(3) *Elrod*'s holding that loss of First Amendment freedoms, even for minimal periods, unquestionably constitutes irreparable injury, 427 U.S. at 373;

(4) the four considerations that give rise to *American Legion*'s presumption of constitutionality for certain longstanding monuments, and the record facts that none of those considerations is present for the Olvera Street cross, 588 U.S. at 52–57, 64–66;

///

(5) *Allegheny*'s holding that an isolated, government-sponsored crèche endorses a patently Christian message, 492 U.S. at 598–602, as distinguished from the crèche upheld in *Lynch v. Donnelly*, 465 U.S. 668 (1984), only because it stood among secular holiday symbols; and

(6) the district court's reliance, reflected in the excerpts and briefed on reply, on Justice Kennedy's *partial concurrence and dissent* in *Allegheny* for the proposition that "a creche presents no realistic danger of violating the Establishment Clause"—a minority statement the *Allegheny* majority rejected as to an isolated crèche. 492 U.S. at 655 (Kennedy, J., concurring in the judgment in part and dissenting in part).

Those omissions are points of law and fact overlooked or misapprehended. Fed. R. App. P. 40(b)(1)(A). They are also why the disposition cannot be reconciled with this Court's preliminary-injunction cases or with the Supreme Court's Establishment Clause cases. A one-sentence affirmance that the movant "failed to establish the requirements," without saying which requirement failed or why, is not a reasoned application of the abuse-of-discretion standard in a First Amendment case.

## ARGUMENT

### I. THE PANEL OVERLOOKED THE GOVERNING PRELIMINARY-INJUNCTION STANDARD.

A plaintiff seeking a preliminary injunction must show likelihood of success, likelihood of irreparable harm, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). This Court has not treated likelihood of success as an all-or-nothing threshold that ends the case whenever the district court is unpersuaded. Under *Cottrell*, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of

a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." 632 F.3d at 1135 (internal quotation marks omitted). The opening brief and the reply brief both invoked *Cottrell*. AOB 6, 12; Reply Br. 5–6, 10. The answering brief addressed it. The memorandum does not.

That omission is not harmless. The district court denied relief on the ground that Gerritsen had not shown a likelihood of success, and it did not reach the remaining *Winter* factors in any developed way. Mem. at 2; Answering Br. 9–11. If the correct question was whether the record raised serious questions and whether the hardships tipped sharply toward the plaintiffs, an affirmance that recites only the *Winter* formulation does not answer it. A court abuses its discretion when it applies the wrong legal standard. *Am. Trucking*, 559 F.3d at 1052. The panel was required to decide whether the district court applied the right standard. It did not.

The same is true of the merits legal conclusions. Abuse-of-discretion review does not insulate an error of law. *Id.* Whether *American Legion* supplies a presumption on these facts, and whether an isolated government crèche remains unconstitutional after *Kennedy*, are questions of law. The memorandum treats them as committed to district-court discretion by saying only that Gerritsen "failed to establish the requirements." Mem. at 2. That is a misapprehension of the standard of review.

## II. THE PANEL OVERLOOKED THE LIMITS OF *AMERICAN LEGION* AND THE HOLDING OF *ALLEGHENY.*

### A. The Olvera Street cross is not the Bladensburg Cross.

In *American Legion*, the Supreme Court upheld a 40-foot Latin cross that had stood since 1925 as a World War I memorial. The presumption of constitutionality rested on four considerations: the difficulty of identifying original purpose after many years; the multiplication of purposes over time; the evolution

of the message conveyed; and the risk that removing a familiar landmark will itself appear non-neutral. 588 U.S. at 52–57. The Bladensburg Cross had acquired a secular meaning as a symbol of sacrifice; it bore the inscriptions "Valor," "Endurance," "Courage," and "Devotion"; it stood among other memorials; and it had not been maintained with discriminatory intent. *Id.* at 66. The presumption is strongest when a monument is "retained in its original place and form." *Id.* at 64.

None of those features is established on this record, and the memorandum does not find that any of them is. The Olvera Street cross is a plain wooden Latin cross. It bears no valor inscriptions and no secular memorial program. It was erected to commemorate the founding of Los Angeles by Spanish missionaries and to replicate the crosses those missionaries used. Supp. Gerritsen Decl. ¶¶ 4–8. The present physical cross has stood for approximately twenty years; predecessors decayed and were removed. *Id.* ¶¶ 4–6. Replacement on account of weathering is maintenance of a sectarian symbol, not acquisition of a new secular meaning. *American Legion* does not hold that every Latin cross that can be traced to 1929 is constitutional. Longevity is relevant. It is not conclusive. *See Woodring v. Jackson County*, 986 F.3d 979, 994 (7th Cir. 2021).

The panel overlooked that distinction. By affirming without analysis, it treated the district court's application of the presumption as unreviewable. That misapprehends *American Legion*. The presumption is rebuttable, and it attaches to monuments that have acquired the features the Court identified. A reasonable observer of a plain cross at the entrance to a public historic park, maintained by the City and explained as a missionary "holy cross," is not looking at the Bladensburg memorial. At minimum, those facts raise serious questions. The memorandum does not say otherwise. It says nothing.

///

### B. An isolated crèche is not saved by *Lynch*, by Las Posadas, or by a dissent in *Allegheny*.

The Kiosko display is a standalone nativity—Mary, Joseph, the infant Jesus, and related figures—without Santa Claus, reindeer, or other secular holiday symbols. FAC ¶ 22; Supp. Decl. ¶ 9. In *Allegheny*, the Court held that a comparable isolated crèche on the Grand Staircase of a county courthouse violated the Establishment Clause because it endorsed "a patently Christian message." 492 U.S. at 601. In *Lynch*, a crèche was upheld only in a display that included a Santa Claus house, reindeer, a Christmas tree, carolers, and a "Seasons Greetings" banner. 465 U.S. at 671. Context was the difference.

Appellees' answer to *Allegheny* was Las Posadas, a Latin American observance reenacting Mary and Joseph's search for lodging before the birth of Jesus. Answering Br. 8, 17. That observance is itself a Catholic religious practice centered on the Nativity. Associating an isolated crèche with a religious procession confirms the religious character of the display. It does not secularize it. The memorandum does not address the point.

Nor did *Kennedy* overrule *Allegheny*. *Kennedy* rejected *Lemon v. Kurtzman*, 403 U.S. 602 (1971), and its endorsement-test offshoot as the exclusive mode of analysis, and directed courts to historical practices and understandings. 597 U.S. at 534–36. Historical practice includes recognition of Christmas as a public holiday. It does not include a practice of government erecting an unadorned nativity, on public property, as an official display. *American Legion* itself preserved the principle that the Establishment Clause prohibits government from coercing religious observance or from pursuing a religious objective in a manner that divides. 588 U.S. at 54–56. The panel did not undertake that historical inquiry. It affirmed a denial that, on the excerpts briefed to this Court, rested in part on a sentence from Justice Kennedy's *Allegheny* dissent. Reply Br. 9; 1-ER-8–9.

Affirming that reasoning without comment misapprehends both *Allegheny* and *Kennedy*.

## III. THE PANEL OVERLOOKED *ELROD* AND THE REMAINING *WINTER* FACTORS.

"The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod*, 427 U.S. at 373. This Court has applied that principle to constitutional claims, including in the preliminary-injunction setting. *Melendres*, 695 F.3d at 1002. Gerritsen is a 90-year-old atheist who visits El Pueblo two or three times a month, encounters the cross on each visit, and is exposed to the recurring crèche each November and December. Gerritsen Decl. ¶¶ 3–7; Supp. Decl. ¶¶ 10–11. The injury is ongoing. It is not a past slight.

The City's answer was delay: Gerritsen saw the crèche in November 2024 and moved for a preliminary injunction in February 2026. Answering Br. 20–21. Delay can weigh against irreparable harm in commercial cases. It does not repeal *Elrod* where the constitutional exposure continues and will recur with the next holiday season. The complaint was filed in September 2025. A pro se litigant's pace in seeking extraordinary relief does not convert an ongoing Establishment Clause injury into a waived one. The memorandum does not mention delay, *Elrod*, or irreparable harm except by quoting the *Winter* list. Mem. at 2. If the panel believed delay defeated irreparable harm, it was required to say so and to reconcile that conclusion with *Elrod*. It did neither.

The balance of equities and the public interest were likewise overlooked. The requested relief is to cover or remove a replaceable wooden cross and to refrain from erecting an isolated crèche. The burden on the City is modest. Where constitutional rights are at stake, the equities tip sharply toward the party seeking to vindicate them, and "it is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres*, 695 F.3d at 1002. The public interest in

historic commemoration can be served by nonsectarian means. The memorandum does not weigh those interests. An affirmance that does not reach factors the district court did not reach, and that this Court's cases treat as independently necessary, is not a complete application of *Winter* or *Cottrell*.

**IV. THE DENIAL OF REASSIGNMENT, WITHOUT REASONS, OVERLOOKED THE REQUEST AND THE STANDARD.**

The opening brief asked that any remand be to a judge other than District Judge Klausner. AOB 13–14. The answering brief opposed. Answering Br. 26–30. The memorandum denies the request in one sentence: "Gerritsen's request to disqualify the district judge on remand, set forth in the opening brief, is denied." Mem. at 2. It cites no standard and finds no facts.

Reassignment is exceptional. It is not unavailable. This Court reassigns where unusual circumstances cast the appearance of justice in doubt, measured by whether the original judge would have substantial difficulty setting aside prior views, whether reassignment preserves the appearance of justice, and whether reassignment entails waste out of proportion to the gain. *United States v. Sears, Roebuck & Co.*, 785 F.2d 777, 780 (9th Cir. 1986); *Manley v. Rowley*, 847 F.3d 705, 712 (9th Cir. 2017). The request here rested on the manner in which the preliminary-injunction motion was decided: no hearing, a near-conclusive use of *American Legion*, and no weighing of the remaining *Winter* factors. Reply Br. 11. Appellant does not ask the Court to find actual bias under 28 U.S.C. § 455. He asks the Court, if it reverses, to consider whether the appearance of justice warrants a fresh judicial look. A denial that does not address the standard overlooks the point presented.

///

///

If the panel adheres to the affirmance, the reassignment request is moot and need not be reached. If the panel or the Court en banc concludes that the injunction order cannot stand, the request should be decided under *Sears*, not denied by silence.

**V. THE QUESTIONS WARRANT EN BANC REVIEW AND, AT MINIMUM, A REASONED PUBLISHED DECISION.**

En banc review is not favored. Fed. R. App. P. 40(a). It is warranted when a panel decision conflicts with Supreme Court or circuit authority, or when the question is of exceptional importance. Fed. R. App. P. 40(b)(2). Both are present.

The conflict with *Elrod*, *Allegheny*, *American Legion*, *Cottrell*, and *Melendres* is set out above. A disposition that affirms denial of First Amendment preliminary relief without addressing the presumption of irreparable harm, the serious-questions standard, or the Supreme Court's display cases does not maintain uniformity. Unpublished status under Ninth Circuit Rule 36-3 does not cure the conflict. It conceals it. Other panels and district courts in this Circuit will treat the memorandum as the last word on these displays even though it decides no legal question in a citable way.

The questions are exceptionally important. El Pueblo de Los Angeles Historical Monument is a civic space. The City maintains a Latin cross there and erects a seasonal nativity there. After *American Legion* and *Kennedy*, governments and citizens in this Circuit need a reasoned answer to whether those precedents immunize every longstanding cross and every holiday crèche, or whether *Allegheny*'s isolated-crèche holding and *American Legion*'s own limits still bind. That answer will govern other municipal displays. It should not be given, or appear to be given, in a memorandum that cites only *Am. Trucking* and *Winter*.

///

If the panel concludes that the order should be affirmed, appellant asks in the alternative that the panel withdraw the memorandum and issue a published opinion applying *American Legion*, *Kennedy*, *Allegheny*, *Elrod*, and *Cottrell* to this record. Ninth Circuit Rule 36-2. A recurring Establishment Clause question, fully briefed, should not be resolved by a disposition that is "not appropriate for publication and is not precedent." Mem. at 1 n.*. Publication would also restart the rehearing clock only if ordered, Ninth Circuit Rule 40-4, and would give the parties and the Court a decision capable of review.

## CONCLUSION

The memorandum overlooked the serious-questions standard, the limits of *American Legion*, the holding of *Allegheny*, the *Elrod* presumption, and the reassignment request. Those points were briefed. They are outcome-determinative on this interlocutory appeal, or at least serious enough that the denial of preliminary relief cannot be affirmed without addressing them.

Appellant respectfully requests that the panel grant rehearing, withdraw the memorandum, and reverse with instructions to enter a preliminary injunction requiring the City to cover or remove the Olvera Street cross and to refrain from displaying the isolated Kiosko crèche, and to remand for further proceedings before a district judge other than the Honorable R. Gary Klausner. In the alternative, appellant requests rehearing en banc. In the further alternative, appellant requests that the panel issue a reasoned published opinion.

Dated this 5th day of October, 2026

By: *Jack Gerritsen*

JACK GERRITSEN
6217 ½ Palm Av.
Bell, CA., 90201
Appellant in Pro Se.

## CERTIFICATE OF COMPLIANCE.

I certify that pursuant to Federal Rule of Appellate Procedure 27(d) and Ninth Circuit Rule 27-1, the attached Petition is proportionately spaced, has a typeface of 14 points or more and contains 2,888 words.

Dated this 5th day of October, 2026

By: Jack Gerritsen

JACK GERRITSEN
6217 ½ Palm Av.
Bell, CA., 90201
Appellant in Pro Se.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 28 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JACK GERRITSEN,

Plaintiff - Appellant,

HENRY FREDERICK RAMEY, Jr.,

Plaintiff,

v.

CITY OF LOS ANGELES, a chartered city; DOMENIKA LYNCH,

Defendants - Appellees,

DOES, 1 through 10, inclusive,

Defendants.

No. 26-3278

D.C. No. 2:25-cv-08760-RGK-KS

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding
Submitted September 22, 2026**

Before: OWENS, COLLINS, and SUNG, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Jack Gerritsen appeals pro se from the district court's order denying his motion for a preliminary injunction in his 42 U.S.C. § 1983 action alleging Establishment Clause claims arising from the City of Los Angeles's displays of a permanent Latin cross and a seasonal crèche. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review for an abuse of discretion. *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). We affirm.

The district court did not abuse its discretion in denying Gerritsen's motion for a preliminary injunction because Gerritsen failed to establish the requirements for such relief. *See id.* (explaining that a plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, he is likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in his favor, and an injunction is in the public interest).

In light of our disposition, Olvera Street Merchants Association Foundation's opposed motion (Docket Entry No. 17) to intervene or for leave to participate as amicus is denied as moot. Gerritsen's request to disqualify the district judge on remand, set forth in the opening brief, is denied.

**AFFIRMED.**

**PROOF OF SERVICE.**

I, Henry Frederick Ramey, Jr., am a resident of the County of Los Angeles, State of California. I am over the age of 18 years, and I am not a party to this action. My address is 7101 Rosecrans Av., #98, Paramount, California.

On October 5, 2026, I served the foregoing copies of APPELLANT'S PETITION FOR PANEL REHEARING AND REHEARING EN BANC on the interested parties in this action by placing the following true copies, as attachments, addressed as follows:

Gabriel Detmer, gabriel.dermer@lacity.org

Emerson Kim, emerson.kim@lacity.org

Hydee Feldstein Soto, City Attorney

City of Los Angeles

On the above date, I emailed such papers to the offices of the addressees.

Under the penalty of perjury, I declare that the foregoing is true and correct, and that this declaration was executed on October 5, 2026, at Paramount, California.

Henry F. Ramey, Jr.

HENRY FREDERICK RAMEY, JR.,
Declarant.